```
         IN THE UNITED STATES DISTRICT COURT FOR
            THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| **NANCIANNE VANHORN** | **CIVIL ACTION-LAW** |
| Plaintiff | |
| vs | NO: |
| **AMERICAN CREDIT COLLECTIONS, INC. D/B/A AMERICAN CREDIT & COLLECTIONS, LLC D/B/A ACC, LLC** | **COMPLAINT** |
| | **ELECTRONICALLY FILED** |
| Defendant | |

## COMPLAINT

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant, American Credit Collections, Inc., t/a/d/b/a ACC, LLC's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereafter the "FDCPA") and the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.1 *et seq*. (hereafter the "FCEUA"), constituting unfair and deceptive acts and practices under the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, *et seq*. (hereafter the "UTPCPL"). These laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III. **PARTIES**

4. Plaintiff, Nancianne VanHorn is an adult individual residing in Pittston, Pennsylvania.

5. Defendant, American Credit Collections, Inc. (at times, "Defendant" or "ACC") is a Pennsylvania corporation regularly engaged in business of collecting debts in this Commonwealth with an address located at 921 Oak Street, Scranton, Pennsylvania 18508. American Credit Collections, Inc., trades and does business as American Credit & Collections, LLC and ACC, LLC.  Neither American Credit & Collections, LLC nor ACC, LLC are registered limited liability companies registered to do business in the Commonwealth of Pennsylvania.  The principal purpose of Defendant, ACC is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. ACC regularly engages in the collection of consumer debts using the mails and telephone alleged to be due another.

7. ACC is a "debt collector" as that term is contemplated in the FDCPA,15 U.S.C. §1692a(6).

8.  Plaintiff is a "consumer" as defined by 15 U.S.C. §1692(a)3 of the FDCPA.

### IV. **FACTUAL ALLEGATIONS**

9. On or about December 10, 2009 ACC began attempting to collect an alleged debt from the Plaintiff that arose out of transactions which were incurred primarily for personal, family or household purposes ("Debt").

10. At all pertinent times hereto, ACC is a debt collector within the meaning of sections 1692a(6) and 1692j of the FDCPA.

11. On or about December 10, 2009, ACC wrote and sent to Plaintiff by U.S. mail a collection or "dunning" letter (the "12/10/09 Letter") which attempted to coerce Plaintiff into paying the alleged debt. Additionally, the 12/9/09 Letter, *inter alia*, stated the following in the header section:

| | |
|---|---|
| 1516976<br>NANCIANNE VANHORN<br>▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇<br>PITTSTON PA 18640 | Acct#: 1516976<br>RE: AMERICAN CREDIT<br>     COLLECTIONS LLC<br>Client Ref#: ▇▇▇▇▇▇▇▇▇▇<br>**TOTAL**: **$10,641.91** |

(A true and correct copy of the 12/10/09 Letter is attached hereto as Exhibit "A" and is incorporated herein.  Redacted to protect privacy).

12.  At all pertinent times hereto, the 12/10/09 Letter was the initial communication regarding Acct#: 1516976 sent to the Plaintiff by Defendant.

13.  Additionally, ACC did not send any written communications to Plaintiff with respect to the alleged debt within five days after the above initial communication.

14.  In violation of section 1692g(a) of the FDCPA, the 12/10/09 Letter did not advise Plaintiff that she had a right to dispute the validity of the alleged debt, or any portion thereof and that Defendants would provide verification of the alleged debt if the Plaintiff disputed the validity of the alleged debt or any portion thereof and/or requested verification of the alleged debt.

15. The 12/10/09 Letter contradicted, overshadowed and obscured the requirements of 1692g(a) of the FDCPA by demanding that Plaintiff contact them within "fifteen (15) days." This language would confuse or make uncertain to the least sophisticated consumer what his or her rights were under the law.

16. On or about December 15, 2009, a male representative, employee and/or agent of ACC, telephoned the Plaintiff in an attempt to collect the alleged debt (hereinafter the "First Call").

17. During the First Call, ACC's representative, employee and/or agent refused to provide his name or the name of the debt collection company he was calling from with respect to the collection of the alleged debt when asked by the Plaintiff.

18. Instead, ACC's agent told Plaintiff to look at her caller ID and figure out what company he was call from. The company identified on Plaintiff's caller ID was AM Mortgage, not ACC.

19. During the First Call, ACC's representative, employee and/or agent failed to identify himself as a debt collector.

20. During the First Call, ACC's representative, employee and/or agent threatened to sue the Plaintiff and told her that they have six (6) years in which to sue.

21. During the First Call, ACC representative, employee and/or agent called Plaintiff "sweetie" throughout the call.

22. During the First Call, ACC's representative, employee and/or agent told Plaintiff to have a nice life with her credit report, asked if she knew what a judgment would do for her and stated that someone will pay.

23. During the First Call, ACC's representative, employee and/or agent stated that he has two more years to "harass" the Plaintiff.

24. During the First Call, ACC's representative, employee and/or agent never provided his name, the name of his company, nor did he identify the debt or original creditor.

25. ACC's representative, employee and/or agent then unilaterally hung up on the Plaintiff.

26. After ACC's representative, employee and/or agent hung up on her, Plaintiff called the number identified on her caller id (hereinafter the "Second Call").

27. During the Second Call, Plaintiff spoke with a female representative, employee and/or agent of ACC.

28. During the Second Call, ACC's representative, employee and/or agent refused to provide her name, however, did provide the debt collection company's name, ACC, when requested by Plaintiff.

29. During the Second Call, Plaintiff learned that the First Call was from a Mr. Mans, a representative, employee and/or agent of ACC.

30. During the Second Call, ACC's representative, employee and/or agent told Plaintiff that she was aggravating her and unilaterally hung up.

31. Plaintiff then immediately called back ACC, (hereinafter the "Third Call") which call was answered by the same female agent, servant and/or employee who spoke with Plaintiff during the aforementioned Second Call.

32. During the Third Call, ACC's agent, servant and/or employee immediately stated to Plaintiff that Plaintiff probably wanted to talk to a supervisor to complain about her at which time she connected Plaintiff with Mr. Mans, who answered, "How may I help you."

33. At that point, Plaintiff wanted to know where the company was located and who they were. Mr. Mans only provided a P.O. Box number in Taylor Pennsylvania.

34. Thereafter, Mr. Mans unilaterally disconnected (hung-up) the call.

35. Section 1692g of the FDCPA requires a debt collector to notify the consumer within five (5) days after the initial communication in connection with the collection of any debt (unless the following information was contained in the initial communication) a written notice containing the following information:

   (1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

36. ACC failed to provide the statutorily required notice within five (5) days of the initial communication with Plaintiff in violation of Section 1692g of the FDCPA.

37.   The FDCPA requires a debt collector to notify the consumer in all subsequent communications that the communication is from a debt collector.  15 U.S.C. § 1692e(11).

38.   ACC knew it was required to disclose that it was a debt collector in each subsequent communication with the Plaintiff.

39. ACC, through its agent, employee and/or representative, failed to provide the statutorily required notice in the December 15, 2009 telephone communications with Plaintiff in violation of section 1692e(11) of the FDCPA.

40.   At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

41.   At all times pertinent hereto, the conduct of ACC as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

42. ACC knew or should have known that the Letter and Calls violated the FDCPA.  ACC could have taken the steps necessary to bring the Letter and Calls within compliance with the FDCPA, but neglected to do so and failed to adequately review the Letter or monitor the Calls to ensure compliance with said laws.

43. As a result of ACC's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, damage to Plaintiff's credit, out-of pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and Plaintiff will continue to suffer same for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## COUNT I
## FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, et seq.
## NANCIANNE VANHORN
## v.
## AMERICAN CREDIT COLLECTIONS, INC., D/B/A AMERICAN CREDIT & COLLECTIONS, LLC D/B/A ACC, LLC

44. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

45. ACC is a "debt collectors" as defined by section 1692a(6) of the FDCPA.

46. Plaintiff is a "consumer" as defined by section 1692a(3) of the FDCPA.

47. The 12/10/09 Letter and aforementioned telephone calls are "communications" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

48. ACC violated the FDCPA. Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e, 15 U.S.C. §§ 1692e(5), 1692e(11), 1692e(14) as evidenced by the following conduct:

(a) Engaging in conduct the natural consequence of which is to harass the Plaintiff;

(b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c) Failing to disclose clearly in all subsequent communications made to collect a debt or to obtain information about Plaintiff, that the communication was from a debt collector;

(d) Using any business, company or organization name other than the true name of the debt collector's business, company or organization;

(e) Failing to send Plaintiff all of the required information pursuant to section 1692g of the FDCPA and contradicting, overshadowing and obscuring the required validation/verification language required by section 1692g of the FDCPA by extraneous language contained in the aforementioned Letter;

(f) Using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt.

WHEREFORE, Plaintiff demands judgment against Defendant for:

    (a)   Damages;

    (b)   Attorney's fees and costs;

    (c)   Such other and further relief as the Court shall deem just and proper.

**COUNT II**
**VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)**
**73 P.S. § 2270.1 et. seq. and THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)**
**73 P.S. § 201-1 et. seq.**

**NANCIANNE VANHORN**
**v.**
**AMERICAN CREDIT COLLECTIONS, INC., D/B/A AMERICAN CREDIT & COLLECTIONS, LLC D/B/A ACC, LLC**

49. Plaintiff repeats the allegations contained above as if the same were herein set forth at length.

50. Plaintiff is a "debtor" as defined by 73 P.S. § 2271.3 of the FCEUA.

51. All of the above contacts by ACC were "communications" relating to a "debt" as defined by 73 P.S. § 2271.3 of the FCEUA.

52. The alleged debt at issue arose out of a transaction which was primarily for personal, family or household purposes.

53. ACC engaged in unfair methods of competition and unfair or deceptive acts or practices, as defined by the UTPCPL, by attempting to collect the debt in violation of the FCEUA. Defendant's violations of the FCEUA and UTPCPL include, but are not limited to, violations of 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) Engaging in conduct the natural consequence of which is to harass the Plaintiff;

(b) Threatening to take any action that cannot legally be taken or that is not intended to be taken;

(c) Failing to disclose clearly in all subsequent communications made to collect a debt or to obtain information about Plaintiff, that the communication was from a debt collector;

(d) Using any business, company or organization name other than the true name of the debt collector's business, company or organization;

(e) Failing to send Plaintiff all of the required information pursuant to section 1692g of the FDCPA and contradicting, overshadowing and obscuring the required validation/verification language required by section 1692g of the FDCPA by extraneous language contained in the aforementioned Letter;

(f) Using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt.

54.  ACC's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

55.  As a result of the above violations of the FCEUA and UTPCPL, Plaintiff has suffered ascertainable losses entitling Plaintiff to an award of statutory, actual and treble damages and attorney's fees and costs.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)    That judgment be entered against the Defendant for actual damages pursuant to 73 P.S. § 201-9.2(a);

    (b)    That judgment be entered against the Defendant for statutory damages pursuant to 73 P.S. § 201-9.2(a);

    (c)    That judgment be entered against the Defendant for treble damages pursuant to 73 P.S. § 201-9.2(a);

    (d)    that the Court award costs and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a); and

    (e)    That the Court grant such other and further relief as may be just and proper.

## V. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted,

/S/PATRICK WALSH
PATRICK WALSH, ESQUIRE(PA 87931)

**KELLEY & POLISHAN, LLC**
259 S. KEYSER AVE.
OLD FORGE, PA 18518
PHONE: (570) 562-4520
FAX: (570) 562-4531
Email: pwalsh@kelleypolishanlaw.com

**ATTORNEY FOR PLAINTIFF**
**NANCIANNE VANHORN**

G:\K&P\Van Horn 1586\ACC, LLC\Complaint (ACC).wpd